## FAILAUTUSI AVEGALIO for the HEIRS OF SEKIO AVEGALIO, Plaintiff/Objector

### v.

## LEATUMAUGA ENE FALEFIA, Defendant/Claimant

High Court of American Samoa
Land and Titles Division

LT No. 8-90

January 28, 1991

Before REES, Associate Justice, VAIVAO, Associate Judge, LOGOAI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant, Afoafouvale L.S. Lutu

This case is a sequel to *Avegalio v. Leatumauga*, 9 A.S.R.2d 96 (1988), referred to hereinafter as "the 1988 case." In that case the present objector (hereinafter "Failautusi") sued to enjoin the family of the present claimant (Leatumauga) from occupying land legally registered as property of Failautusi and his brothers and sisters.

Failautusi's 1978 resurvey of the 3-acre tract called Vaosa, which he and his siblings had registered in 1946, showed a Leatumauga tract called Talifia'ai immediately adjoining Vaosa on the seaward side. This resurvey also showed an overlap with a 1974 Leatumauga survey of Talifia'ai, which had been prepared in connection with previous litigation between the same parties.

In the 1988 case Failautusi claimed that the Leatumauga family had recently begun occupying a part of Vaosa, roughly corresponding to the overlap between the 1974 Leatumauga survey and the 1978 Failautusi survey. The Leatumauga family admitted occupying the area in question but denied that Failautusi and his siblings owned this land --- or, indeed, any land at all to the mountain side of Talifia'ai. They contended that the 1978 Failautusi resurvey must be in an entirely different place than the land described in the original 1946 survey.

The court held that the 1978 resurvey was, in fact, an accurate retrace of the 1946 survey and that Failautusi and his brothers and sisters owned the land in question. The court therefore enjoined the Leatumauga family from occupying any land within the area covered by the resurvey. 9 A.S.R.2d at 99.

The present dispute is about three small parcels just outside the boundaries of the 1946 and 1978 surveys of Vaosa. Failautusi claims that he and his brothers and sisters have occupied this land since the 1930s, perhaps because they misunderstood the precise boundaries of the tract their father had purchased. Leatumauga maintains that his family has always owned and occupied these parcels, which adjoin a larger area that is undisputedly the communal land of the Leatumauga family. He contends that his neighbor to the mountain side is the Paogofie family and that the boundary he has drawn reflects the settled understanding of the Leatumauga and Paogofie families. (There are indeed two houses within the registered survey of Vaosa which belong to some people called Nelesoni who are said to be members of the Paogofie family; neither Paogofie nor any member of his family, however, has filed an objection to the Leatumauga survey.)

10

Failautusi stresses that the three parcels disputed in the present case are outside the 1974 Leatumauga survey of Talifia'ai. He urges that this disproves Leatumauga's contention that his family has long claimed ( much less occupied) the areas in question. Although this argum nt is not without f rce, it does not preclude Leatumauga from presenting whatever evidence he may have in support of his present claim. Whether Leatumauga can prevail in spite of the disparities between the 1974 survey (ordered by a former Leatumauga who is now deceased) and the more recent one depends partly on the strength of his own evidence and partly on the strength or weakness of Failautusi's opposing case.

In this connection it must be observed that Failautusi's position in the present case is far weaker, and Leatumauga's correspondingly stronger, than in the 1988 case. In that case Failautusi sought only to regain possession of land that had long been registered as the property of his family. The 1946 registration procedure had the effect of precluding later judicial inquiry into the validity of the title registered therein. *See Ifopo v. Siatu'u*, 12 A.S.R.2d 24 (1989). Failautusi had only to prove that the land in dispute was the same land he had registered in 1946; the burden then shifted to Leatumauga, who could have prevailed only by showing that his family had subsequently acquired the land by deed from the record owners or by twenty or thirty years' adverse possession.

In the present litigation Failautusi relies not on a deed or recorded title but on a claim of occupation. Because he claims the land as individual property of himself and his siblings rather than as communal property of an extended family, he must overcome the presumption that land in American Samoa is communally owned. Moreover, the land now in dispute appears to be surrounded by land belonging to (or purchased from) communal families of Pava'ia'i and Faleniu. Even if Failautusi and his siblings did occupy parts of it at times since the 1930s, they were almost certainly moving onto land formerly occupied by someone else rather than settling "virgin bush" that had never belonged to anyone. Failautusi can therefore prevail only by showing twenty years of "actual, open, notorious, hostile, exclusive and continuous occupancy" --- or thirty years if such possession commenced after 1961. *See* A.S.C.A. § 37.0120 (as amended in 1982 by P.L. 17-31); *id.* (prior to 1982 amendment).

Leatumauga, by contrast, is the matai of a communal family of Pava'ia'i which is the undisputed historic owner and occupant of land immediately adjoining the three smaller parcels now in dispute. He has also offered his claim (including these three small parcels) for registration

11

in compliance with the procedures set forth in A.S.C.A. § 37.0101 et seq. There has been no objection from anyone other than Failautusi. If, therefore, Leatumauga can present even a minimally plausible claim that his family's historic occupation has included the three disputed parcels and if Failautusi cannot prove a title by adverse possession, Leatumauga must prevail.

One of the three parcels in dispute is a triangular area at the extreme west-northwest of the Leatumauga survey. It adjoins Failautusi's registered survey of Vaosa on the south-southwest. Failautusi concedes that Leatumauga is the only one with crops in this area but claims that he and his family formerly had crops there and that Leatumauga did not move in until after the 1988 case. Leatumauga claims that he and his family have long occupied the land and that Failautusi and his family never have.

The judges viewed the land. There are taro and banana plants in this area, apparently extending from Leatumauga's plantations to the southeast. Although taro and bananas are annual plants whose appearance is not helpful in determining how long an area has been planted, the adjoining settlements of Failautusi and his family to the north (on Vaosa) and to the southwest (on another parcel called Ulutolu) are quite evident. These settlements appear to have clear and well-established lines of demarcation. The disputed triangle is separated from Ulutolu to the southwest by a stone wall, which the parties acknowledge to be an ancient one. To the north, the neatly kept area surrounding some houses of Failautusi's family is on a slightly elevated plateau that drops off sharply to a sort of no-man's land some distance to the north of the disputed parcel. It thus appears quite unlikely that either of these two settled areas formerly extended into the disputed triangle. The plantings within this triangle are, on the other hand, immediately adjacent to and indistinguishable from other plantings in the heart of Leatumauga's property, with no apparent natural or man-made boundaries in between. Nor did Failautusi contend that Leatumauga's people had ever physically ousted him or his family; if Failautusi's family ever did occupy this land, they had apparently abandoned it by 1988. Both the testimonial evidence and the physical appearance of the land are far more consistent with Leatumauga's claim to historic (although perhaps intermittent) occupation than with Failautusi's claim that he and his siblings had exclusive and continuous occupancy long enough to acquire it by adverse possession. We therefore conclude that this parcel belongs to Leatumauga.

The second parcel is an even smaller rectangular area. It is on

the Leatumauga side of a straight line that Leatumauga identified as defining most of his boundary with the Paogofie family. This line is also the boundary of the 1946 registered survey of Vaosa. This parcel is adjacent to an area in which there are Leatumauga houses and to another area in which there are houses belonging to the Nelesoni people. It does not appear to be near any areas occupied by Failautusi or his relatives. The evidence preponderates in favor of Leatumauga's claim to this parcel.

The northwestern (that is, inland) portion of the third parcel is the location of a house belonging to a Mr. and Mrs. Pele. Mrs. Pele is a relative of Failautusi. She testified that she and her husband got permission from Failautusi's father to build a house on this location, have been occupying the present house and its predecessor since 1945, and have never been disturbed in their possession by any Leatumauga people. Leatumauga does not contest the Peles' long presence on the land but contends that they were there by permission of his grandmother, who was then the Leatumauga. Mrs. Pele denies this. The Peles have neither rendered tautua to the Leatumauga family nor otherwise acknowledged any property rights of that family in the land they possess. In these circumstances Mrs. Pele's testimony that she was on the land by permission of her relative Sekio Avegalio and not of an unrelated matai has the ring of truth. We therefore conclude that the heirs of Sekio (i.e., Failautusi and his siblings) acquired ownership of the area surrounding this house in or about 1965 as the result of twenty years' actual, open, notorious, hostile, exclusive and continuous occupancy by Mr. and Mrs. Pele.[1]

Mrs. Pele also testified that she and her family had cultivated the land to the southeastern (seaward) side of her house. She acknowledged, however, that the Leatumauga people had also cultivated this area at various times. All parties acknowledge that the area surrounding the Peles' house is separated from this seaward area by a stone wall. Mrs. Pele says the wall was built by members of her family in 1945; Leatumauga says it is an ancient wall. In either case it appears to be a boundary of long standing. With respect to the area on the seaward side of the Peles' stone wall, Failautusi has not presented evidence sufficient

---

[1] We note that the Peles own another house, a short distance to the east of this one, which is on a tract of land the Peles purchased from a matai of Faleniu. It is outside the Leatumauga survey and is in no way involved in the present case.

13

to establish a title by adverse possession.

Accordingly, we hold that all the land within the 1989 Leatumauga survey of Talifia'ai should be registered as the communal property of the Leatumauga family, with the exception of the area in the northwestern corner of the survey, to the northwest of the stone wall in front of the Pele house.

It is so ordered.